FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 22, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIMBERLY SHAW, on behalf of D.S., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No.  1:20-cv-03141-SMJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Kimberly Shaw, on behalf of minor child D.S., appeals the Administrative Law Judge's ("ALJ") denial of D.S.'s application for Supplemental Security Income ("SSI") benefits. She alleges that the ALJ erred by (1) improperly assessing D.S.'s severe disorders; (2) improperly assessing the opinion evidence; and (3) improperly assessing the Domains. ECF No. 19 at 2. Defendant disputes these contentions and asks the Court to affirm the ALJ's determination. ECF No. 20.

The Parties filed cross-motions for summary judgment. ECF Nos. 19–20. After reviewing the administrative record, the parties' briefs, and the relevant legal authority, the Court grants Plaintiff's motion, denies Defendant's motion, and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT – 1

remands to the Social Security Administration for additional proceedings consistent with this opinion.

## BACKGROUND[1]

Plaintiff applied for SSI benefits for D.S. on June 9, 2017, alleging an onset date of June 1, 2017. AR 152.[2] After holding a hearing, ALJ Glenn Meyers determined that D.S. was not disabled and denied the application. AR 15, 27. The Appeals Council later denied Plaintiff's request for review, AR 1, and Plaintiff then appealed to this Court, ECF No. 1.

## DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In evaluating an application for benefits for an individual under eighteen years of age, the decision-maker uses a three-step sequential evaluation process to determine whether the claimant is disabled. 20 C.F.R. § 416.924(a).

---

[1] The facts, briefly summarized here, are thoroughly set out in the record and the parties' briefs. *See* ECF Nos. 15-1, 19 & 20.
[2] References to the administrative record (AR), ECF No. 15-1, are to the provided page numbers to avoid confusion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT – 2

Step one assesses whether the claimant is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied; if not, the decision-maker proceeds to step two. 20 C.F.R. § 416.924(b).

Step two assesses whether the claimant has a severe medically determinable impairment or combination of impairments. 20 C.F.R. §416.924(c). An impairment or combination of impairments is not severe if it is a slight abnormality or combination of abnormalities that causes no more than minimal functional limitations. *Id.* If the claimant does not have a severe medically determinable impairment or combination of impairments, the disability claim is denied. *Id.* If the claimant does, the evaluation proceeds to step three.

Step three compares the claimant's severe impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.924(d). If the impairment meets or is medically or functionally equal to one of the listed impairments and has lasted or is expected to last for a period of at least twelve consecutive months, the claimant is presumed to be disabled. *Id.* The ALJ's assessment of whether an impairment is functionally equal to a listed impairment is based on six "domains," or "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). The six domains are:

(i)  Acquiring and using information;

      (ii)    Attending and completing tasks;

      (iii)   Interacting and relating with others;

      (iv)   Moving about and manipulating objects;

      (v)    Caring for yourself; and

      (vi)   Health and physical well-being.

*Id.* A child's impairment is functionally equal to a listed impairment if it either results in a "marked" limitation in two domains or an "extreme" limitation in any one domain. *Id.* at § 416.929a(a). A limitation is "marked" if it interferes "seriously" with "[the child's] ability to independently initiate, sustain, or complete activities." *Id.* at § 416.926a(e)(2)(i). A limitation is "extreme" when it interferes "very seriously" with "[the child's] ability to independently initiate, sustain, or complete activities." *Id.* at § 416.926a(e)(3)(i).

## ALJ FINDINGS

At step one, the ALJ found D.S. had not engaged in substantial gainful activity since June 9, 2017, the application date. AR 16.

At step two, the ALJ found that D.S. had one severe medically determinable impairment: attention deficit hyperactivity disorder ("ADHD"). AR 16. The ALJ also determined that D.S. had post-traumatic stress disorder ("PTSD"), disruptive mood dysregulation disorder ("DMDD"), and sensory processing difficulties, but found that none of these were severe impairments. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT – 4

At step three, the ALJ found that D.S. did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *Id.* Nor, the ALJ found, did D.S. have an impairment or combination of impairments that functionally equaled the listings. AR 18. Instead, the ALJ found that D.S. had no extreme limitations, and only had a marked limitation in one of the six domains: the ability to care for himself. *Id.* For these reasons, the ALJ determined that D.S. was not disabled. AR 27.

## STANDARD OF REVIEW

Reviewing courts must uphold an ALJ's disability determination if it applied the proper legal standards and supported its decision with substantial evidence in the record. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*. "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). If the evidence supports more than one rational interpretation, and the ALJ has supported its decision with inferences drawn reasonably from the record, the Court must uphold its decision. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT – 5

Moreover, the Court will not reverse an ALJ's decision if it committed harmless error. *Molina*, 674 F.3d at 1111. The burden to show harmful error lies with the party challenging the ALJ's determination. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## ANALYSIS

**A.    Assessment of Impairments**

Plaintiff argues that the ALJ reversibly erred at step two by not properly assessing D.S.'s disorders. ECF No. 19 at 4. Specifically, Plaintiff assigns error to the ALJ's conclusion that D.S.'s PTSD and DMDD were nonsevere disorders.[3] *Id.* In declining to list D.S.'s PTSD and DMDD as severe impairments, the ALJ stated:

> The claimant also has nonsevere impairments: post-traumatic stress disorder (PTSD); disruptive mood dysregulation disorder (DMDD) and sensory processing difficulties. Although these nonsevere impairments appear in the record as diagnoses (3F/57/118), the medical expert testified that as to the above non-severe impairments, evidence does not establish that these conditions have persisted and have affected the child on a frequent basis (Hearing Testimony). Accordingly, the undersigned finds that the claimant's seizures[4] are a non-severe impairment.

AR 16.

---

[3] Plaintiff also appears to argue that the ALJ erred in failing to classify D.S.'s "emotional and sensory processing disorders" as severe. ECF No. 19 at 6. Given the lack of evidence in the medical record establishing such disorders and Plaintiff's lack of meaningful argument, the Court declines to find that the ALJ erred by listing D.S.'s sensory processing disorder as nonsevere.

[4] There is no evidence in the record showing that D.S. suffered seizures. The Court considers this to be a typographical error.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 6

The Court briefly pauses to discuss the relevant evidentiary burden. At Step two, the claimant bears the burden of showing a medically "severe impairment" or "combination of impairments." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Even so, the burden is slight, as Step two is a "de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (alterations omitted). An impairment is "severe" unless the medical evidence clearly establishes a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." 20 C.F.R. § 416.924(c).

In light of this de minimis standard, The Court agrees with Plaintiff that the ALJ erred by assessing D.S.'s PTSD and DMDD as nonsevere. The Court addresses each condition in turn.

1. **Claimant's PTSD**

Plaintiff alleges "that at the very least PTSD was a severe disorder." ECF No. 19 at 6. Defendant argues that the ALJ reasonably interpreted Dr. Dian's testimony and adequately accounted for D.S.'s PTSD diagnosis. ECF No. 20 at 5. The Court agrees with Plaintiff.

Plaintiff was diagnosed with PTSD on December 16, 2016. AR 256. According to D.S.'s Central Washington Comprehensive Mental Health Assessment, D.S. "meets the criteria for Posttraumatic Stress Disorder." *Id.* In support of this diagnosis, D.S.'s provider detailed his history of "the trauma of

physical abuse, both watching [the abused of] others and experiencing [abuse] himself on more than one occasion." AR 256. In addition, the provider recounted that D.S.'s mother stated that "being taken from me was traumatic for [D.S.]" *Id.* In fact, D.S. reported that the trauma "pops in my head…just a couple minutes about one or two days a week." *Id.* D.S. also reported a history of nightmares, occurring "almost always." *Id.* The medical record also recounts a history of violent outbursts, difficulty trusting others, and a history of "scream[ing] in his sleep." *Id.*

Dr. Dian's testimony confirms these symptoms. He testified that D.S. "has significant emotional and psychological issues," that result in "angry outbursts." AR 37, 40. Regarding D.S.'s PSTD diagnosis, Dr. Dian testified that although it appeared D.S. was showing improvement with expressing frustration, "it is still his significant challenge." AR 48. Otherwise, Dr. Dian expressed no opinion as to the severity of D.S.'s PTSD diagnosis.

Yet, despite the well-documented PTSD symptoms in the medical record, the ALJ found that "the medical expert testified that…evidence does not establish that these conditions have persisted and affected the child on a frequent basis." A review of the hearing transcript shows that the ALJ conflated symptoms and behaviors resulting from D.S.'s DMDD diagnosis with his PSTD diagnosis. Other than testifying to D.S.'s outbursts and behavior issues, Dr. Dian did not discuss any other relevant PTSD symptoms. His hearing testimony is entirely devoid of any reference

to D.S.'s documented sleep disturbances, history of screaming in his sleep, and trauma resulting from physical abuse.

The above-mentioned PTSD symptoms easily meet the de minimus step two standard for a severe impairment and are well-established by the medical record. The Court cannot say that D.S.'s documented and repeated sleep disturbances, nightmares, detachment, and other symptoms resulting from physical and emotional abuse constitute a "slight abnormality." Considering Dr. Dian's lack of testimony establishing otherwise, the Court finds that the ALJ erred in listing Plaintiff's PTSD as a nonsevere impairment.

This error was not harmless. If step two is decided in a claimant's favor, any alleged error may be harmless. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). So long as the ALJ considers the limitations resulting from the disorder, failing to find the disorder severe is harmless error. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Lorenzo B. v. Saul*, No. 19-CV-0786-AGS, 2020 WL 4732063, at *1 (S.D. Cal. Aug. 14, 2020) ("An ALJ's erroneous omission of an impairment at Step 2 is harmless when the ALJ 'nonetheless considers the limitations posed by the impairment' at a later step in the inquiry."). While the ALJ found that D.S.'s ADHD was a severe impairment, and thus step two was decided in his favor, the ALJ failed to consider the above-mentioned PTSD limitations in his analysis. Nowhere in the ALJ's six-step inquiry does he discuss D.S's sleep disturbances,

nightmares, or like trauma resulting from physical or emotional abuse despite adequate documentation in the record. Accordingly, the ALJ's error was not harmless and the Court remands with instructions to analyze Step three with respect to D.S.'s PTSD impairment.

### 2. Claimant's DMDD

Plaintiff next argues that the ALJ erred by classifying his DMDD as non-severe. ECF No. 19 at 5. Again, the Court agrees.

Listing 112.04 addresses depressive bipolar and related disorders, including DMDD. To meet the Listing, the claimant may present evidence of "serious and persistent" symptoms for a period at least two years. 20 C.F.R. § 404, Subpt. P, App. 1. Dr. Dian testified that Listing 112.04 was not met because the evidence did not establish that D.S.'s symptoms were "frequent" or "persistent." AR 41. However, he opined the listing could be met with "more documentation." *Id.*

In classifying D.S.'s DMDD as a nonsevere impairment, the ALJ stated that "the medical expert testified that…evidence does not establish that [D.S.'s DMDD] [has] persisted and ha[s] affected the child on a frequent basis." AR 16. True, but whether or not a claimant meets a listing does not determine whether the claimant's impairment is severe. In other words, it appears the ALJ conflated the step two inquiry (whether an impairment is severe) and the step three inquiry (whether the impairment meets or medically equals the severity of one of the listed impairments).

*See* 20 C.F.R. §416.924(c),(d).

While D.S. may not meet Listing 112.04, the Court nevertheless finds that his DMDD symptoms cause more than "minimal functional limitations." *See id.* § 416.924(c). The medical record establishes a significant history of behavioral challenges, resulting in "frequent meltdowns." AR 513. D.S.'s episodes involved "hitting, kicking, and biting." *Id.* According to D.S.'s mother, his behavioral issues resulted in his removal from class "roughly, at least once, twice a month." AR 50. In addition to behavioral challenges at school, D.S.'s mother reported that "it's happened at home, that he blows up." AR 41. While Dr. Dian's testimony established that D.S.'s symptoms were "getting better," *id.*, Dr. Dian described D.S.'s ability to care for himself as "marked," stating: "[if] you include frustration tolerance, being able to, to deal with frustration, I would have to probably give him marked in this case. Cause it appears that's his major issue." AR 46.

Given that the medical record is replete with D.S.'s documented behavioral issues and maladjusted social responses, it is perplexing to the Court that the ALJ assessed D.S's DMDD as nonsevere. While the Court does not express an opinion as to whether D.S.'s symptoms were frequent and persistent, so as to meet the listing, the Court finds that his symptoms easily meet the de minimus step two standard for severe impairment. Accordingly, the ALJ's finding that D.S.'s DMDD was a nonsevere impairment was error.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT – 11

The ALJ discussed many of the limitations resulting from D.S.'s DMDD in the ADHD context. AR 19–21. But, for the same reasons the Court is skeptical that the ALJ's findings regarding D.S.'s ADHD at step three were adequate, the Court cannot say this error was harmless. *Molina*, 674 F.3d at 1115 (an error is not harmless if the ALJ's decision is not supported by substantial evidence and the error negates the validity of the ALJ's ultimate conclusion). Accordingly, the Court remands with instructions to analyze step three with respect to D.S.'s DMDD impairment. To be sure, the Social Security Administration need not, given the largely overlapping symptoms D.S. experienced due to his ADHD and DMDD, perform a completely separate analysis for each condition.

**B.     Assessment of Opinion Evidence**

   **1.     Lay Witnesses**

The testimony of a lay witness alone can never establish disability. 20 C.F.R. § 416.929(a), (b) ("[S]tatements about [a claimant's] pain or other symptoms will not alone establish that [the claimant is] disabled. There must be objective medical evidence from an acceptable medical source that shows [the claimant has] a medical impairment(s)."). And to reject a lay witness's opinion, the ALJ need only cite a "germane" reason for doing so. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)) "Inconsistency with medical evidence is one such reason." *Id.* (upholding ALJ's rejection of

symptom testimony by claimant's spouse and friends where inconsistent with objective medical evidence).

### i. Plaintiff's Testimony

Plaintiff contends the ALJ did not cite any germane reasons to discount her testimony. ECF No. 19 at 15. The ALJ found that Plaintiff testified under "a good faith belief that the child was disabled." Plaintiff testified about her lived experiences with D.S. and his limitations, describing his frequent behavioral issues, response to medicine, interactions with other children, and struggle to adapt to changing circumstances. AR 49–60. Parents provide "important sources of information because they see [the child] every day." 20 C.F.R. § 416.924a(a)(2)(i). An ALJ must explicitly explain why they reject significant, probative evidence. *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995).

Here, the ALJ noted that Plaintiff had a good faith belief that D.S. was disabled, but only credited her testimony "[t]o the extent [it] was consistent with and supported by the available evidence of record." AR 21." Although the ALJ considered Plaintiff's opinion, he erred by failing to describe what testimony was inconsistent with the medical record and why. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). It is thus unclear to what extent the ALJ credited

Plaintiff's testimony.

### ii. Ms. Guzman's Testimony

Plaintiff also contends that the ALJ erred in evaluating the testimony of Ms. Guzman—D.S.'s teacher. Ms. Guzman prepared a "Teacher Questionnaire" assessing D.S.'s functioning in each of the six domains. AR 169–176. Teachers can provide insight of a claimant's day-to-day functioning, especially compared with other children without impairments. 20 C.F.R. § 416.924a(a)(2)(ii). Ms. Guzman opined that D.S. had functional difficulties in five of the six domains and assessed "very serious problems" in Domains 1, 2, 3, and 5. *Id.* In assessing D.S.'s functioning in each of the above-mentioned domains, the ALJ cited Ms. Guzman's questionnaire and discussed her assessments. *See* AR 22–25. In evaluating D.S.'s functioning in Domains 1, 2, and 3, the ALJ cited contradictory evidence to discount Ms. Guzman's assessments.

But the ALJ failed to describe why he found the contradictory evidence more credible, leaving the Court to speculate why the ALJ discounted Ms. Guzman's assessments in favor of other evidence. *Brown-Hunter,* 806 F.3d 487, 492 (9th Cir. 2015) ("If the ALJ fails to specify his or her reasons for finding claimant testimony not credible, a reviewing court will be unable to review those reasons meaningfully."). Accordingly, the ALJ erred by not providing a germane reason for rejecting Ms. Guzman's assessments regarding Domains 1, 2, and 3.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT – 14

## 2. Medical Opinions

Previously, the Ninth Circuit recognized a hierarchy among the sources of medical opinions, known as the treating physician rule or the treating source rule. *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983); *see also* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017); *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829 (2003). Specifically, it required the ALJ to articulate "clear and convincing reasons" in order to "reject the treating doctor's ultimate conclusions" when the treating doctor's opinion was contradicted by another doctor, or "specific and legitimate reasons supported by substantial evidence in the record" if it was not. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

In 2017, the Commissioner promulgated new regulations, effective for claims filed on or after March 27, 2017, such as Plaintiff's. *See* 20 C.F.R. § 404.1520c; AR 152. These regulations make several changes which are relevant here. First, they expanded the list of "acceptable medical sources" to include advanced nurse practitioners. 20 C.F.R. § 404.1502(a). Second, the regulations alter the definition of "medical opinion" and the way that the ALJ considers and articulates their consideration of medical opinions. 20 C.F.R. § 404.1520c(a)–(c). The ALJ now considers the persuasiveness of a medical opinion using five factors: (1)

supportability; (2) consistency; (3) relationship with claimant;[5] (4) specialization; and (5) other. 20 C.F.R. § 404.1520c(c). Because the first two factors are the most important, the ALJ *must* articulate their analysis as those two factors. 20 C.F.R. § 404.1520c(b)(2). The new regulations eliminate the hierarchy of medical opinions and the treating physician rule. 20 C.F.R. § 404.1520c(a); *see also* 82 Fed. Reg. at 5853.

### i.   APRN Earthman—Treating Source

APRN Earthman, D.S.'s treating provider, opined that D.S. had marked limitations in Domains 1 and 2. AR 612. Regarding Domain 1, acquiring and using information, APRN Earthman assessed that D.S. needs assistance and modifications in class. *Id.* Regarding Domain 2, attending and completing tasks, APRN Earthman cited D.S.'s ADHD diagnosis and his need for medication. *Id*. The ALJ rejected APRN Earthman's assessments, stating:

> The undersigned does not find [APRN Earthman's] opinion persuasive. Although Ms. Earthman is a treating source and the opinion was based on an examination, this opinion is not consistent and did not consider evidence made available at the hearing level, which included reports from the treating provider regarding the claimant's improvement and partial remission, as noted above. Furthermore, this opinion is not supported by the medical evidence of record, specifically the evidence showing that the claimant's teacher

---

[5] This factor encompasses several subfactors, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and the existence of an examining relationship. 20 C.F.R. § 404.1520c(c)(3)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT – 16

noted that the claimant has only a slight problem learning new material and recalling and applying previously learned material.

AR 26. While the ALJ assessed the supportability and consistency of APRN Earthman's opinion, the proffered reasons for discounting her opinion are inadequate.

First, the Court agrees with Plaintiff that the ALJ erred by discounting APRN Earthman's assessments regarding Domains 1 and 2 because D.S.'s ADHD symptoms eventually improved and he went into partial remission. Plaintiff alleges an ADHD onset date of June 1, 2017. AR 152. The medical record, however, shows that D.S. was not in partial remission until approximately August 15, 2019. AR 662. Relying on D.S.'s partial remission, occurring approximately two years after his onset date, is not a legitimate reason to discount APRN Earthman's opinion in the interim.

Additionally, evidence that D.S.'s teacher noted only slight problems in learning new material and recalling and applying previously learned material is only relevant to Domain 1. *See* AR 170. Regarding Domain 2, the ALJ failed to articulate any "supporting explanation" to discount APRN Earthman's assessment. 20 C.F.R. § 416.920(c)(1). Beyond that, the ALJ's finding that APRN Earthman's opinion was "not supported by the medical evidence of record," AR 26, lacks the clarity required for the Court to reasonably discern the ALJ's path. *Molina*, 674 F.3d at

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT – 17

1121. Accordingly, the ALJ erred by failing to articulate a supporting explanation for discounting APRN Earthman's opinion prior to the partial remission date and failing to articulate a supporting explanation for discounting her opinion regarding D.S.'s limitations in Domain 2.

    ii.  **Dr. Dian—Medical Expert**

  Plaintiff argues that the ALJ erred by crediting Dr. Dian's opinion because it was internally inconsistent and inconsistent with the record. ECF No. 19 at 21. Defendant argues that the ALJ's reliance on Dr. Dian's testimony was reasonable but does not provide any argument on how the record supports Dr. Dian's opinion. *See* ECF No. 20 at 9. Rather, Defendant mostly summarizes Dr. Dian's opinion without reference to any supporting facts evident in the medical record except those establishing partial remission. *Id.* at 10. Having already decided remand is necessary, the ALJ is instructed to give weight to this non-examining source only to the extent that it is consistent with other evidence in the record. *See Lester*, 81 F.3d at 831.

**C.**  **Assessment of the Domains**

  Plaintiff argues that the ALJ erred by not finding marked limitations in Domains 1, 2, and 3. ECF No. 19 at 8. Having already found that remand is necessary, that the ALJ erred in assessing opinion evidence, and that the ALJ erred in determining that D.S. did not suffer marked limitations because he showed

improvement and was in partial remission, the Court directs the ALJ to reevaluate D.S.'s limitations, resulting from all severe impairments, in each of the Domains.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

3. The Clerk's Office shall **ENTER JUDGMENT** in favor of **PLAINTIFF** and thereafter **CLOSE** the file.

4. This matter shall be **REMANDED** to the Social Security Administration for further proceedings consistent with this order.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 22nd day of October 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge